IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-00152 (TSC) |
| : | |
| JOSHUA LOLLAR : | |
| : | |
| Defendant. : | |
| : | |

**MOTIONF FOR MODIFICATION OF CONDITIONS OF RELEASE**

NOW COMES the defendant, JOSHUA LOLLAR, by and through his counsel, Brian K. McDaniel, Esq., requesting that this honorable court modify his current conditions of release. Mr. Lollar is currently under the supervision of the High Intensity Supervision Program. Counsel is requesting that Mr. Lollar's release be modified to release on his own personal recognizance. In support of this request, Mr. Lollar proffers the following:

1.      Mr. Lollar has been on pretrial release in this matter since January 22, 2021. Now, some full year and a half after his release, he is still on High Intensity Supervision which requires him to remain in the home unless attending a doctor's appointment or meeting with his counsel. These restrictions have made it very difficult for Mr. Lollar to participate in the care and supervision of his minor child.

2.      With the beginning of school for the 2022/23 school year, Mr. Lollar desires to be available to pickup and drop off of his child. Additionally, the mandate that he remain in the home at all times has frustrated his ability to meaningfully contribute to his family and to live life as the presumed innocent individual that he is at this stage in these proceedings.

3.      This court is aware of the voluntary nature of the screening which Mr. Lollar participated in at the FMC Lexington facility. This was a harrowing experience for Mr. Lollar; one which was

attended by mistreatment and the failure to provide him with the medical necessities which address his myriad health issues. Nonetheless, Mr. Lollar dutifully participated in the screening. Counsel believes that this speaks to his willingness to comply with the mandates of the court and to responsibly manage himself while he is in a pretrial posture. Mr. Lollar is an appropriate candidate for release on general conditions.

4. The government, in response to many other requests of this type on behalf of Mr. Lollar, has previously pointed to Mr. Lollar's purported failure to turn over firearms, an issue which was resolved over a year ago. The government has also alleged that Mr. Lollar has failed to comply with the requirements of his mental health treatment. Leaving aside the voluntary participation in the screening referenced above, Mr. Lollar has been receiving treatment with the Hospital for Veteran's Affairs. Mr. Lollar would agree to continue his mental health treatment there should this court agree to decrease his level of supervision. Additionally, Mr. Lollar's father, who has been present for each of the hearings held by this court, and who is currently Joshua's third-party custodian, has agreed to continue to monitor the progress of his son and to insure his continued compliance with any modified conditions.

**WHEREFORE**, counsel requests that this court modify his conditions of release to personal recognizance under the third-party custodianship of his father.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm, CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone 202.331.0793
bkmassociates@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2022 a copy of the foregoing motion was served upon Government counsel by ECF filing.

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.