UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 21-CR-152 (TSC) |
| | : | |
| v. | : | |
| | : | |
| JOSHUA LOLLAR, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**NOTICE OF GOVERNMENT'S POSITION REGARDING
CONDUCTING DEFENDANT'S CHANGE OF PLEA HEARING BY VIDEO
TELECONFERENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this Notice of the Government's Position Regarding Conducting Defendant's Change of Plea Hearing by Video Teleconference.

The defendant has signed a written plea agreement in the above-captioned matter and, through his attorney, has submitted that plea agreement to the Court.   In the agreement, the defendant agreed to plead guilty to one count of violating 18 U.S.C. § 1512, which is a felony.

The Court and the parties are now attempting to schedule Mr. Lollar's change of plea hearing.   On December 6, 2022, the Court has asked the parties to file briefing regarding whether the change of plea hearing can be conducted by "zoom" or other video teleconference (VTC) under Standing Order 22-64, IN RE: Eleventh Extension of Authorization for Use of Video Teleconferencing and Teleconferencing for Certain Criminal and Juvenile Delinquency Proceedings, dated November 9, 2022 (S.O. 22-64).

The government submits that under the terms of the CARES Act, as implemented in this District by the November 9, 2022, S.O. 22-64, and Federal R. Crim. P. 43, an in-person change

1

of plea hearing is now required. On November 9, 2022, Chief Judge Howell extended CARES Act authorization for the conduct of VTC for the 10 proceedings enumerated in Sec. 15002(b)(1) of the Act (detention hearings, arraignments, preliminary hearings, waivers of indictment, revocations, etc.). Although in prior extensions, the authorization applied to felony change of plea hearings and sentencing hearings, in the November 9, 2022, extension, authorization was not continued for these matters under Sec. 15002(b)(2) of the Act. Section 15002(b)(2) of the CARES Act permitted courts to conduct felony change of plea hearings and felony sentencing hearings by video or telephonic conference only in the following two prerequisites were met: (1) if the Chief Judge of a district court finds that such proceedings "cannot be conducted in person without seriously jeopardizing public health and safety;" and (2) the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."

Accordingly, in the absence of a finding by the Chief Judge that the conduct of felony plea hearings and sentencing hearings by VTC "cannot be conducted in person without seriously jeopardizing public health and safety," the provisions of Fed. R. Crim. P. 43(a) require the defendant's physical presence at the change of plea hearing in this matter. *See* Rule 43(a) ("the defendant must be present at . . . .(1) the initial appearance, the initial arraignment, and the plea."). Rule 43(a) by its terms uses mandatory language and does not permit a waiver by the defendant.

Accordingly, because conducting a felony change of plea hearing by VTC contravenes the provisions of the CARES Act and Fed. R. Crim. P. 43(a), absent the Chief Judge amending S.O. 22-64, the government opposes conducting a VTC change of plea hearing for Mr. Lollar

and instead requests that it be held in person.

        Respectfully submitted,

        MATTHEW GRAVES
        UNITED STATES ATTORNEY

By:                   /s/
Mona Sedky
Special Assistant United States Attorney

D.C. Bar. Bar 447968
601 D. Street NW
Washington, D.C. 20530
(202) 262-7122; Mona.Sedky2@usdoj.gov

Steven Ward, Trial Attorney
U.S. Department of Justice, Criminal Division
National Security Division
950 Pennsylvania Ave, NW Room 1736
Washington, D.C. 20530
(202) 305-2461; steven.ward@usdoj.gov