IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-152 |
| : | |
| JOSHUA LOLLAR : | |
| : | |
| Defendant. : | |
| : | |

**NOTICE OF DEFENDANT LOLLAR'S POSITION REGARDING
CHANGE OF PLEA HEARING**

NOW COMES the Defendant, Mr. Joshua Lollar, by and through his counsel, Brian K. McDaniel, as for his position regarding the conducting of the anticipated plea hearing in person or by video conference. Mr. Lollar has presented to the court a signed plea agreement letter in which he has agreed to plead guilty to one count of violation of Title 18 U.S.C. Sec. 1512. The Government agreed in its' Notice of Position Regarding Sentencing that the Court did create a carveout for video conferences pursuant to the CARES Act in its' last Standing Order "permitting the court to conduct felony change of plea hearings if two prerequisites were met: 1.) if the Chief Judge of a district court finds that such proceeding "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2.) the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interest of justice."

This Court is aware of the procedural posture of this case wherein, in accordance with the pretrial release of Mr. Lollar, the Defendant was transported by United States Marshalls by plane to the FMC facility in Lexington Kentucky and the harrowing experience it was for Mr. Lollar. Now Mr. Lollar wishes to accept responsibility for his conduct in this matter by way of a change of plea hearing, but understandably does not wish to travel from Houston Texas to the District of

Columbia (at least a 12 hour round trip flight) for the purpose of a hearing which is likely to last no more than an hour. Additionally, the experience referred to above has left Mr. Lollar in a state of anxiety and fear given the treatment he experienced during his last transport. Additionally, if Mr. Lollar is to be transported by the Marshalls' Service to the District of Columbia, the scheduling of the same will cause undue delay of a hearing in which all of the parties and the public have an interest in a timely resolution.

Counsel requests that this Court find that the plea hearing in this matter should not be further delayed and that Mr. Lollar should not be made to travel a great distance for the purpose of a relatively short proceeding before the Court. By this motion and through his counsel, Mr. Lollar waives any interest that he would have in conducting his change of plea hearing in person and requests that this court allow his plea by Video Conference.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm, CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793
bkmassociates@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th Day of December a copy of the foregoing Defendant's Notice of Position on Change of Plea Hearing was served on all interested parties by way of ECF filing.

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.