UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) ) | |
| v. | ) ) ) | Criminal No. 21-cr-152 (TSC) |
| **JOSHUA LOLLAR**, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Defendant Joshua Lollar has filed a Motion to Modify Conditions of Release and the Pretrial Services Agency has issued a Pretrial Violation Report concerning his compliance on pretrial release. ECF Nos. 38, Def's. Mot. to Modify Conditions of Release; 45, Pretrial Violation Report. For the reasons set forth below, the court **DENIES** Defendant's Motion to Modify Conditions of Release and orders Lollar to comply with the terms of his supervised release unless the court orders a change in his release conditions.

### I.     Motion to Modify Conditions of Release

Lollar is charged with seven counts of criminal conduct related to his alleged participation in protests at the United States Capitol Building on January 6, 2021. He has been on pretrial release under the supervision of the High Intensity Supervision Program since January 22, 2021. Among other conditions, Lollar is restricted to "24-hour-a-day lock-down at [his] residence except for medical necessities and court

appearances or other activities specifically approved by the court." ECF No. 7, Order Setting Conditions of Bond.

On September 17, 2022, Lollar moved to modify his conditions of release so that he could pick up and drop off his child at school. ECF No. 38. But Lollar's conditions already permitted him to leave his residence to pick up or drop off his children at school since at least April 28, 2021, when the Pretrial Services Agency issued its first compliance report. ECF No. 15, Pretrial Compliance Report April 28, 2021 at 2. Subsequent compliance reports noted that Lollar was allowed to "pick up or drop off his children at school and their mothers' houses." *See* ECF No. 37, Pretrial Compliance Report August 15, 2022 at 2; ECF No. 39, Pretrial Compliance Report September 19, 2022 at 2. Therefore, the court **DENIES** without prejudice his Motion to Modify Conditions of Release as moot.

## II. Violation of Conditions of Release

As part of his conditions of release, Lollar must also "[o]btain/maintain mental health treatment, to include medication compliance [and] sign all required releases of information for Pretrial Services to obtain and report compliance to the Court." ECF No. 7 at 2. On January 6, 2023, the Pretrial Services Agency notified the court that Lollar was not complying with a condition of his release that required him to participate in mental health treatment: "The defendant saw the mental health provider at the end of November [2022] and told them he didn't have a need to continue mental health treatment." ECF No. 45 at 2.

The court notes that issues regarding Lollar's mental health have arisen before. In March 2022 his counsel and the prosecutor agreed that concerns regarding his mental health had risen to a level requiring this court to order him to undergo a competency screening. ECF Nos. 28, Sealed Stipulation Regarding Examination to Determine Competency and Joint Proposed Order;

29, Sealed Joint Order for Psychiatric or Psychological Examination. The screening found Lollar competent, but, given his condition, it is important that he continue to comply with his mental health treatment. Consequently, Lollar is hereby ordered to comply with all the terms of his release conditions. If he seeks to modify any of the conditions, he may refile a motion to modify that release condition.

Date: January 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge